UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD MILLER,

Petitioner,

Case No. 2:15-cv-10166
Hon. Arthur J. Tarnow

v.

RANDY HAAS,

Respondent.
_____________________________________/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Richard Miller, ("Petitioner"), incarcerated at the Cotton Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus under 28 U.S.C. § 1651(a), the "All Writs Act." The petition challenges his March 5, 2012, Wayne Circuit Court conviction of second-degree murder. MICH. COMP. LAWS § 750.317. Petitioner claims that his rights under the Sixth Amendment were violated when he was not provided with counsel at his initial arraignment on the warrant in the state district court. The petition for writ of habeas corpus will be summarily denied.

I. Discussion

Petitioner alleges that he was not represented by counsel at his June 5, 2011, arraignment conducted via video conference from jail. At the arraignment Petitioner was informed that he was being charged with open murder to which he stood mute. Petitioner fails to state a claim upon which habeas relief can be granted. Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

"It is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process.'" *Marshall v. Rodgers*, —— U.S. ——, ——, 133 S.Ct. 1446, 1449, 185 L.Ed.2d 540 (2013) (per curiam) (quoting Iowa v. Tovar, 541 U.S. 77, 80–81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004)). The right to counsel generally applies to "the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191, 194 (2008).

Critical stages include those in which: (1) available defenses may be irretrievably lost, if not then and there asserted, (2) rights may preserved or lost, (3) counsel's assistance is necessary to mount a meaningful defense, (4) potential substantial prejudice may result to the defendant's case without counsel's assistance, or (5) the proceeding holds significant consequences for the accused. *Van v. Jones*, 475 F.3d 292, 312 (6th Cir.

Mich. 2007)

None of these factors apply to preliminary arraignments on the warrant under Michigan law. See *Lundberg v. Buchkoe*, 389 F. 2d 154, 158 (6th Cir. 1968); c.f. *Hamilton v. State of Ala.*, 368 U.S. 52, 54 (1961) (arraignment under Alabama law is critical stage in a criminal proceeding because available defenses may be as irretrievably lost, if not then and there asserted). Here, there is no allegation that Petitioner made an incriminating statement at the arraignment on the warrant, entered a plea of guilty, or lost or waived any defense. *Id*., See also *Doyle v. Scutt*, 347 F. Supp. 2d 474, 481 (E.D. Mich. 2004). Petitioner simply stood mute to the charges. He was appointed counsel for the next proceeding, the preliminary examination, that occurred a month after the initial arraignment. Therefore, he is not entitled to habeas relief on this claim. *Id*.

II. Certificate of Appealability

The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.

III. Order

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED**.

**IT IS FURTHER ORDERED** That a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal in forma pauperis.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 3, 2015

I hereby certify that a copy of the foregoing document was served upon parties and/or counsel of record on February 3, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant